UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>MASSMICROELECTRONICS, LLC,<br><br>Debtor. | Chapter 7<br>Case No. 14-10882-JNF |
| In re:<br><br>COMMISCEO MICROELECTRONICS, LLC<br><br>Debtor. | Chapter 7<br>Case No. 14-10888-JNF |
| In re:<br><br>AD MICRO-ASSEMBLY, LLC,<br><br>Debtor. | Chapter 7<br>Case No. 14-10890-JNF |

**NOTICE OF INTENDED (A) PRIVATE SALE OF SUBSTANTIALLY ALL ASSETS
USED AND USEFUL IN THE OPERATION OF THE DEBTOR'S BUSINESS AND
(B) ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

TO CREDITORS AND PARTIES OF INTEREST:

NOTICE IS HEREBY GIVEN pursuant to 11 U.S.C. §§363 and 365, Fed. R. Bankr. P 2002(a)(2) and 6004 and MLBR 2002-5 and 6004-1 that John J. Aquino, the Chapter 7 trustee (the "Trustee") of the bankruptcy estates of each of the above-captioned debtors (collectively, the "Debtors"), intends to sell at private sale (the "Sale") the Trustee's right, title and interest in substantially all assets used and useful in the operation of the businesses of

MassMicroElectronics, LLC ("MME") and AD Micro-Assembly, LLC ("ADM") (the "Assets"), and further intends in conjunction therewith to assume and assign certain executory contracts, all upon the following terms and conditions:

**DESCRIPTION OF PROPERTY TO BE SOLD:** All of the Trustee's right, title and interest in the assets utilized by MME and ADM in their business operations as more specifically set forth and identified in the Asset Purchase Agreement[1] ("APA") attached hereto as Exhibit A.

The Trustee makes no representations or warranties regarding the Assets and will sell the Assets "as is", "where is." Additionally, the Trustee proposes to assume and assign to Buyer those specific contracts and unexpired leases identified in Exhibit B hereto (the "Assigned Contracts").

**PURCHASE PRICE:** The Trustee has received an offer from CMI Acquisition LLC (the "Buyer") to purchase the Assets for $450,000.00 (the "Purchase Price"). The Buyer has delivered to the Trustee a Deposit of $50,000.00 (the "Deposit").

**RELATIONSHIP OF BUYER AND SELLER:** The Trustee has no relationship with Buyer other than as parties to the sale transaction described herein and the post-petition financing arrangement approved by the U.S. Bankruptcy Court. Upon information and belief, the pre-petition relationship between the Buyer and the Debtors similarly related to negotiation of a prospective sale transaction and limited operating financing.

**CLOSING:** The closing of the Sale shall take place promptly after entry of the Bankruptcy Court's Order authorizing and approving the Sale, and not later than May 7, 2014, unless otherwise agreed to in writing by the Trustee. The terms of the Sale are more particularly

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Motion Of Chapter 7 Trustee For Entry Of An Order Authorizing Sale Of Estate Assets Free And Clear Of Liens, Claims, Interests, And Encumbrances And Assumption And Assignment Of Certain Executory Contracts (the "Sale Motion"). A copy of the Sale Motion will be provided at no cost upon request by any potential purchaser. Contact the undersigned attorney for copies.

described in the Sale Motion. The closing shall take place at a location mutually agreed upon by the Trustee and the successful purchaser.

**EXEMPTIONS:** To the best of the Trustee's knowledge and belief the Assets are not subject to State or Federal exemption laws.

**METHOD OF SALE AND INTEREST OF PARTIES IN PROCEEDS: The sale of the Assets will be free and clear of all liens, claims, interests, and encumbrances asserted by any entity.** With the exception of the Carve-Out Agreement as defined and set forth in the Sale Motion, any and all such asserted liens, claims and encumbrances, when established, shall attach to the proceeds realized from the sale of the Assets in the same order of priority that such interest existed prior to the Sale, subject to later determination by the Bankruptcy Court of the validity, extent and perfection of such interest.

**BREAK-UP FEE:** The Sale Motion and the APA provide that if the Sale closes but the Buyer is not the successful purchaser, the Buyer is to be paid a Break-Up Fee equal to a sum in cash equal to 5% of the purchase price ($22,500.00).

**OBJECTIONS AND/OR COUNTEROFFERS: Please take notice that any and all objections to the Sale and/or higher offers shall be filed in writing with the Clerk, United States Bankruptcy Court, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, MA 02109-3945 on or before April 29, 2014 at 12:00 p.m. noon (the "Objection Deadline").** A copy of any objection or higher offer also shall be served upon the undersigned. Any objection to the Sale must state with particularity the grounds for the objection and why the Sale should not be authorized. Objections to the Sale shall be governed by Fed. R. Bankr. P. 9014.

**EXECUTORY CONTRACTS:** Please take notice that any objections to the proposed assumption and assignment of the executory contracts identified in Exhibit B hereto, without limitation, any objections to the "cure amounts" listed thereon, must be filed in writing by the Objection Deadline, and filed and served in accordance with the preceding paragraph, and must state with particularity the grounds for the objection.

## COUNTEROFFERS

Through this Notice, higher offers for the purchase of the Assets are hereby solicited.

**COUNTEROFFER REQUIREMENTS:** Any higher bid submitted for the purchase of the Assets must exceed the Purchase Price by at least $22,500 (*i.e.*, not less than $472,500), and be on terms that are otherwise equal to or more favorable to the bankruptcy estates than the terms set forth in the Asset Purchase Agreement (the "Minimum Overbid"). Any higher counteroffer must be accompanied by a deposit of $50,000.00 in the form of a certified or bank check made payable to "John J. Aquino, Chapter 7 Trustee" and must be delivered to the Trustee on or before the Objection Deadline. Such counteroffer must expressly state the terms of the offer (and specifically state in what manner, if any, that the counteroffer varies from the terms of the APA) and must also include: (a) the full name and identity of the bidder and any representative; (b) disclosure of any relationship between the bidder and the Debtors, any insiders of the Debtors, and the Trustee; and (c) an express statement that the bidder has read, understands, and agrees to be bound by and comply with the terms set forth in this Notice of Intended Sale. Additionally, any counteroffer must be accompanied by documentation which, in the Trustee's sole discretion, satisfactorily evidences the bidder's ability to consummate the Sale.

**CLOSING REQUIREMENTS:** Any counter-offer submitted for the purchase of the Assets must acknowledge that, absent written approval of the Trustee, the bidder shall close the Sale on or before May 7, 2014.

4

**HEARING:** A hearing on the Sale Motion, objections or counteroffers is scheduled to take place on April 30, 2014 at 10:30 a.m. before the Honorable Joan N. Feeney, United States Bankruptcy Judge, Courtroom No. 1, United States Bankruptcy Court, John W. McCormack Post Office and Court House, 5 Post Office Square, Boston, Massachusetts (the "Sale Hearing"). Any party who has filed an objection or higher offer must either (i) be present at the Sale Hearing or (ii) have a representative present at the hearing which representative is duly authorized to conduct bidding on behalf of that party, failing which the objection will be overruled or the higher offer stricken. At the Sale Hearing, the Buyer shall be entitled to credit bid any outstanding post-petition financing extended by the Buyer under 11 U.S.C. §364. If no objection to the Sale Motion or higher counteroffer is timely filed, the Bankruptcy Court, in its discretion, may cancel the scheduled hearing and approve the Sale without hearing.

At the Sale Hearing, the Court may:

a. Consider any requests to strike the higher offer;

b. Determine further terms and conditions of the sale;

c. Determine requirements for further competitive bidding;

d. Require one or more rounds of sealed or open bids from the original offeror and any other qualifying offeror; and

e. Take evidence to resolve any issue of fact.

**FAILURE TO CONSUMMATE TRANSACTION:** The deposit will be forfeited if the successful purchaser fails to complete the sale by the date ordered by the Court. If the purchaser approved by the Court does not complete the Sale, the Trustee, without further hearing, may sell the Assets to the next highest bidder.

5

Any questions concerning the intended Sale shall be addressed to the undersigned.

        JOHN J. AQUINO,
        CHAPTER 7 TRUSTEE

        By his counsel,

        /s/ Donald F. Farrell, Jr.
        Donald F. Farrell, Jr. (BBO 159580)
        ANDERSON AQUINO LLP
        240 Lewis Wharf
        Boston, MA 02110
        (617) 723-3600
        dff@andersonaquino.com

Dated: April 4, 2014.